UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laura Beth Hattersley,<br><br>          Plaintiff,<br><br>vs.<br><br>The Hsinchu City Police Department,<br>*Guang Fu Road, Downtown Branch, Hsinchu County, Taiwan ROC;*<br><br>*via the Taipei Economic and Cultural Office (TECO), 1180 West Peachtree St. NE, Atlantic Center Plaza Suite 800, Altlanta, GA 30309,*<br><br>          Defendant. | C/A No. 9:09-1369-SB-RSC<br><br>Report and Recommendation |

## Introduction

Laura Beth Hattersley ("Plaintiff"), proceeding *pro se*, brings this civil action which is construed as an assault, libel and slander action.[1] Plaintiff's allegations relate to her dispute with the Hsinchu City Police Department, located in Taiwan, concerning her police record containing incorrect information. Plaintiff seeks injunctive relief against the defendant. The complaint should be dismissed for lack of subject matter jurisdiction.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

## *Pro Se* Review - Filing Fee Paid

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The plaintiff's complaint is subject to review pursuant to the inherent authority of this Court. *E.g.*, *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

The plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 127 S.Ct.

2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

It appears that Plaintiff was physically present in Taiwan, Republic of China, and that now Plaintiff is residing in Hilton Head, South Carolina.[2] It appears that Plaintiff filed this action because she seeks to return to Taiwan but that Taiwan has denied

---

[2] This court has reviewed all of Plaintiff's submissions to the court to determine the facts of this case: Complaint, proposed summons, Local Rule 26.01 Answers to Interrogatories, and Answers to Court's Special Interrogatories.

her reentry request (i.e., her request for a travel visa). Plaintiff alleges that the defendant Hsinchu City Police Department[3] has recorded in her police record and advised other Taiwanese officials that Plaintiff was deported from Taiwan after an alleged conviction of a crime.[4] She alleges that she was acting in self-defense during the alleged assault by her. Plaintiff alleges that she was not deported but that she "left Taiwan because of Trauma." It appears that the Immigration Department of Taiwan will not permit Plaintiff to return to Taiwan for ten years pursuant to a policy that a foreigner who is found guilty of a crime in Taiwan is prohibited from entering Taiwan for ten years. Plaintiff alleges that the Immigration Department of Taiwan based its decision to deny her reentry to the country upon the Hsinchu City Police Department's incorrect records about her criminal conviction.

Plaintiff seeks to return to Taiwan to appeal her criminal conviction to the national courts and to serve time in jail if necessary. Plaintiff requests certain relief from the Taiwanese government: that her case be investigated by the Ministry of the Interior of Taiwan, that she be permitted to appeal her conviction

---

[3] This court requested that Plaintiff clarify how many defendants she is bringing suit against and their identities. Plaintiff explained that she is suing one defendant, the Hsinchu City Police Department located in Taiwan.

[4] Plaintiff does not specify to this court the name of the criminal conviction for which she was found guilty but it seems to relate to an assault.

to higher courts, that she be permitted her "legal right to reenter Taiwan and not be stopped because of fraudulent claims," that the local police in Taiwan protect her from the assaulter upon her return, and that she be permitted her right "to serve punishment in the country of Taiwan if I am guilty." Plaintiff requests that the defendant be compelled "to correct both my police record and/or my record with the Taoyuan immigration if there is anything which is not true in either record." She also requests that the defendant not impede her right to appeal her conviction to "the Taiwan High Courts."

## Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 MOORE'S FEDERAL PRACTICE § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

Subject matter jurisdiction focuses on the power of the court to hear a claim. *See El-Hadad v. United States*, 377 F.Supp.2d 42, 46 (D.C. 2005). In this case, the court does not have the power to hear Plaintiff's claims or to grant the relief she requests. There is no federal question jurisdiction under 28 U.S.C. § 1331. Although Plaintiff alleges that a Constitutional provision between the United States and Taiwan has been violated, the United States

Constitution does not apply to a foreign sovereign country. *See Munaf v. Geren*, 128 S.Ct. 2207, 2221 (2008) (explaining that "'[t]he jurisdiction of the nation within its own territory is necessarily exclusive and absolute.'"). Also, Plaintiff does not rely on a particular treaty between Taiwan and the United States. *Id.* at 2225 (recognizing that diplomatic agreements can alter the rule of exclusive jurisdiction). Therefore, Plaintiff's United States Constitutional rights do not provide her any assistance with her dispute with Taiwan or its political subdivisions related to matters in Taiwan.[5] *Id.* at 2222-23 (explaining that United States Constitutional rights have no relation to crimes committed in a sovereign country against the laws of that country).

Additionally, this action is barred by the Foreign Sovereign Immunities Act of 1976 (as amended), 28 U.S.C. § 1602 *et seq.*,

---

[5] An alien located outside the United States who seeks entry to the United States for the purpose of participating in litigation does not seek entry under any claim of right. "'Admission of aliens to the United States is a privilege granted by the sovereign United States Government . . . only upon such terms as [it] shall prescribe.'" *El-Hadad*, 377 F.Supp.2d at 48. In other words, the decision to exclude an alien from the United States is an executive decision and not subject to review by the United States courts. *Id.* Plaintiff's situation is the reverse scenario where she, a United States citizen located within the United States, seeks entry into a foreign country to pursue a criminal appeal to the High Courts but that country has denied her request. Plaintiff may or may not be able to seek review of Taiwan's immigration decision in the courts of Taiwan, depending on the law of Taiwan. However, if the United States courts cannot review the United States executive branch's decision to deny an alien entry into the United States *a fortiori* the United States courts cannot review a foreign sovereign nation's decision to deny entry to an alien (who happens to be a United States citizen) into that foreign sovereign nation.

7

because a political subdivision of a foreign state, such as the defendant, is immune from the jurisdiction of the courts of the United States except under limited circumstances. See Title 28 U.S.C. § 1605. E.g., Hirsh v. State of Israel and State of Germany, 962 F. Supp. 377, 379-80 (S.D.N.Y. 1997) (explaining that a foreign state is presumptively immune from jurisdiction unless a court finds that one of the exceptions provided in §§ 1605 to 1607 applies), aff'd, 133 F.3d 907 (2nd Cir. 1997). Furthermore, the Alien Tort Statute, 28 U.S.C. § 1350, does not provide a basis for the exercise of jurisdiction over a foreign sovereign. Id. at 385; Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 438 (1989)(holding that the Foreign Sovereign Immunities Act is the sole basis for obtaining jurisdiction over a foreign state).

## Recommendation

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process for lack of subject matter jurisdiction. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

June 24, 2009  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).