IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Laura Beth Hattersley,

       Plaintiff,

v.

The Hsinchu City Police Department,
*Guang Fu Road, Downtown Branch,
Hsinchu County, Taiwan ROC;*

*via the Taipei Economic and Cultural
Office (TECO), 1180 West Peachtree
St. NE, Atlantic Center Plaza Suite 800,
Atlanta, GA 30309,*

       Defendants.

Civil Action No.: 9:09-1369-SB

**ORDER**

This matter is before the Court upon Plaintiff Laura Beth Hattersley's pro se complaint seeking injunctive relief against the Hsinchu City Police Department. The record includes a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b). In the R&R, Magistrate Judge Robert S. Carr recommends that the Court dismiss the Plaintiff's complaint based on a lack of subject matter jurisdiction. Attached to the R&R was a notice advising the Plaintiff of her right to file written objections to the R&R within ten days of being served with a copy of that report. See 28 U.S.C. § 636(b)(1). The Plaintiff filed timely objections, and the matter is ripe for review.

**STANDARD OF REVIEW**

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in

part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id.

## DISCUSSION

In this action, the Plaintiff, who resides in Hilton Head, South Carolina, alleges that the Hsinchu City Police Department has incorrectly recorded in her police record and advised other Taiwanese officials that she was deported from Taiwan after an alleged criminal conviction. This conviction appears to relate to an assault; the Plaintiff alleges that she was acting in self defense and that she left Taiwan because of trauma. Apparently, the Immigration Department of Taiwan will not permit the Plaintiff to return to Taiwan for ten years pursuant to a policy that a foreigner who is found guilty of a crime in Taiwan is prohibited from entering Taiwan for ten years. The Plaintiff seeks to return to Taiwan to appeal her criminal conviction to the national courts and to serve time in jail if necessary. She requests various relief from the Taiwanese government and/or Taiwanese officials.

In the R&R, the Magistrate Judge determined that the Court lacks subject matter jurisdiction because, although the Plaintiff alleges that a constitutional provision has been violated, the United States Constitution does not apply to a foreign sovereign country. Moreover, the Magistrate Judge noted that the Plaintiff does not rely on a particular treaty between Taiwan and the United States and that this action is barred by the Foreign Sovereign Immunities Act of 1976 (as amended), 28 U.S.C. § 1602, et seq. Because the Magistrate Judge determined that the Court lacks subject matter jurisdiction, he recommended that the Court dismiss the Plaintiff's complaint.

The Plaintiff filed written objections to the R&R, which this Court has thoroughly

2

reviewed. After review, however, the Court finds that the Plaintiff's objections are without merit and do not point to any legal error in the R&R sufficient to alter the outcome of this case. Instead, the Court finds that the Magistrate Judge fairly and accurately summarized the case and applied the correct principles of law. In conclusion, because the Court agrees with the Magistrate Judge that it does not have subject matter jurisdiction over the Plaintiff's complaint, the Court agrees with the Magistrate Judge that this action should be dismissed.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R (Entry 15) is adopted and incorporated; the Plaintiff's objections (Entry 17) are overruled; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

October 13, 2009
Charleston, South Carolina